IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julian D Schmidt,<br><br>    Plaintiff,<br><br>v.<br><br>Carlos Del Toro, *et al.*,<br><br>    Defendants. | No. CV-23-02030-PHX-JJT (JZB)<br><br>**ORDER** |

  Before the Court is the Report and Recommendation (Doc. 13, "R&R") entered by United States Magistrate Judge John Z. Boyle that concludes the Court should deny and dismiss with prejudice Julian D. Schmidt's Petition for Writ of Error Coram Nobis, which Mr. Schmidt has styled a Petition for Declaratory Judgment pursuant to 28 U.S.C. § 2201(a) (Doc. 1, "Petition"). In the R&R, Judge Boyle warned the parties that they had fourteen days from the date of service of the R&R, which was October 25, 2024, to file any specific written objections to it with the Court. Judge Boyle further warned that "failure to timely file objections [to the R&R] may result in the acceptance of [it] by the district court without further review." (R&R at 17-18.) It has now been more than three months since entry and service of the R&R and Petitioner Schmidt has filed no objections thereto. The Court is thus empowered to accept the recommendations without further review. It nonetheless elects to conduct a review of the recommendations on their merits; upon doing so, the Court concludes that adoption of Judge Boyle's recommendations, as well as his reasoning as set forth in the thorough 18-page report, is justified.

1  In the R&R, Judge Boyle applied the factors set forth in *Dodson v. Zelez*, 917 F.2d
1250, 1252-53 (10th Cir. 1990) to each of Petitioner's five asserted claims or grounds for
relief from his conviction under the Uniform Code of Military Justice as affirmed by the
Navy-Marine Corps Court of Criminal Appeals and subsequently the United States Court
of Appeal for the Armed Forces. While *Dodson* is a decision by a sister circuit court, the
Ninth Circuit has yet to formulate its own test for collateral review of a judgment from
military tribunals of the United States, and in that absence, district courts in this circuit
consistently have applied the Tenth Circuit's formulation in *Dobson*. *See, e.g., Threats v. Howard*, No. CV-21-00333-TUC-JAS(BDM), 2023 WL 8112601 at *4 (D. Ariz. Mar. 24, 2023).

In detailed analysis clearly set forth in the R&R, Judge Boyle concludes that each of Petitioner's five claims or grounds failed under *Dodson*'s fourth requirement at least, as in each of the five arguments, Petitioner failed to demonstrate that the military courts that adjudged and then reviewed and affirmed his conviction failed to give adequate consideration to the issues involved or to apply proper legal standards. (R&R at 11-17.) Judge Boyle identified those portions of the record demonstrating that the military courts had in fact addressed each of the issues Petitioner raised, and the Court will not repeat the R&R's treatment here. Failure to satisfy any of the four prongs or requirements of the *Dodson* test is fatal to the granting of *coram nobis* review of an issue. For these reasons,

**IT IS ORDERED** adopting in whole the R&R (Doc. 13) submitted by Judge Boyle and denying and dismissing with prejudice the Petition for Declaratory Judgment pursuant to § 2201(a) to 28 U.S.C. (Doc. 1).

**IT IS FURTHER ORDERED** denying a certificate of appealability, as the Court concludes Petitioner has failed to show the denial of a constitutional right and jurists would not find that conclusion reasonably debatable.

. . .

. . .

. . .

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and terminate this matter.

Dated this 10th day of February, 2025.

_____
Honorable John J. Tuchi
United States District Judge